896

La Comunidad Religiosa Católica de Reverendas Madres Carmelitas Calzadas, Inc., of San Juan, P. R., Petitioners, *v.* The Registrar of Property of San Juan, First Section, Respondent.

No. 1056. Submitted November 6, 1939.—Decided January 19, 1940.

*José Benet,* for petitioner. The Registrar appeared by brief.

Mr. Justice Travieso delivered the opinion of the Court.

In the first recording of a house on Cristo St., No. 12, the dominion title was entered in the name of Lorenza Valdés Goicoechea and it was expressly stated that said house was subject to two principals for annuities of 5 per cent a year, one of them for 239 Spanish dollars in favor of the petitioning community.

The petitioner alleges that all the successors to the title of the house, as heirs of Lorenza Valdés, acquired subject to the lien of said annuity, this lien being mentioned in all the subsequent recordings; and that the house has never passed to a third party in due course.

On July 18, 1939, the petitioner filed a request before the respondent Registrar asking that he make a record of the

annuity because the petitioner did not have and had been unable to find the original title wherein the annuity was created. To uphold its request the petitioner attached a certified copy of a judgment rendered by the District Court of San Juan on February 11, 1907, declaring the dominion title to the house to be in Lorenza Valdés; he also attached a sworn declaration of the mother prioress of the petitioning Community wherein the existance of the annuity was declared, the fact that the rentals had been collected and the fact that there was no document whatsoever referring to the original execution of the annuity.

On the 1st of August 1939 the Registrar returned the request of the petitioner, with the following ruling:

"The document is returned, no operation whatsoever having been made, because the deed which creates the annuity of which record is requested, was not presented, and this request is not a recordable document."

Against this ruling this administrative appeal was taken. To sustain this appeal the petitioner alleges that the Registrar should have recorded the annuity:

"1. Because an acknowledgment of the annuity was made by the owner of the property so that the title should be recorded with this lien.

"2. Because there are no third parties in due course involved.

"3. Because all the owners of the farm have paid the rentals of the annuity thereby accepting the existance of the lien.

"4. Because the petitioner has no other document referring to the execution of the lien other than the judgment declaring the dominion title."

In his answer the respondent alleges that this is not a case wherein the interpretation of a document is involved, or the refusal to make a record due to an incurable defect, or wherein the record is made and a curable defect is noted, which are the only cases wherein according to the law as to administrative appeals from the rulings of the Regis-

trars of Property, Act of March 1, 1902 (Rev. Stats. 2180–90) an appeal may be taken to the Supreme Court; that the certified copy of the judgment declaring the dominion title of the property wherein the lien is mentioned, is unnecessary because that judgment has already been recorded in the Registry; and that the principle upheld by the petitioner—that is, that the Registrar must make a definite record of the mention of a lien because the mention has been made in the registry and that a simple request is enough—is not upheld by any principle of Civil Law, for which reason it has been impossible to record the request presented or to take note of it.

In *Mollfulleda* v. *Registrar*, 19 P.R.R. 950, this Court decided in applying Sec. 66 of the Mortgage Law and Secs. 111 and 112 of the Regulations that an administrative appeal from a decision of a Registrar lies only against the refusal of the Registrar to record, to take cautionary notice, or to cancel titles which may be presented at the Registry, but not against other rulings of the Registrar which may affect the rights of the parties and against which the parties may invoke other legal remedies. See Galindo, vol. 2 p. 633.

The document presented by the petitioner is not a title. It is a simple request, *ex parte*, whereby it is pretended, without hearing the owners of the property on which the annuity is said to constitute a lien, to make a definite record of a simple mention made 32 years before the said petition was filed.

Notwithstanding the fact that the appeal filed is improper, we wish to say that the Registrar can not, and should not, make a definite record of a simple mention merely on a petition *ex parte* of the petitioner and without the knowledge or consent of the payee of the annuity, especially as due to the time elapsed between the execution of the annuity and the petition said annuity may at the present have no legal effect. If the petitioner has the right to have the record made, as it requests, the procedure it must follow is to

pray for a declaratory judgment, within which all the parties who may have an interest in the property may be heard.

For the foregoing reasons the ruling appealed from must be affirmed.